**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

JAMES L. MESHBERGER,          )
                                     )
      Plaintiff,              )
                                     )
v.                               )      Cause No. 1:24-CV-413-HAB
                                   )
TRACY WRIGHT,            )
                                   )
      Defendant.           )

**OPINION AND ORDER**

"[T]his is rather a rather simple case to litigate and rule upon."

-      Plaintiff James L. Meshberger
       ECF No. 12 at 2 (all sic)

Truer words have seldom been spoken. Plaintiff believes that Defendant owes him money for work performed on behalf of several entities. But whatever the merits of that belief, it does not invoke the jurisdiction of this Court. In line with nearly two hundred and fifty years of American jurisprudence, this case will be dismissed.

**I.      Well-Pleaded Facts[1]**

Plaintiff served as a trustee for two trusts and consulted on seven businesses, all benefiting Defendant. Plaintiff sent an invoice to Defendant for payment of services, which Defendant failed to pay. Plaintiff believes that he is due $300,000.00 in compensation.

---

[1] Defendant moves under Fed. R. Civ. P. 12(b), so the Court accepts the well-pleaded factual allegations in Plaintiff's Notice of Claim (ECF No. 1) as true.

## II.    Legal Analysis

### A.    *Motion to Dismiss Standard*

Defendant has moved to dismiss this case under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Defendant also moves under Rule 12(b)(1). "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case," and "[i]n the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). But "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588-89. "When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first." *Rizzi v. Calumet City*, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998). If the court dismisses a plaintiff's complaint

2

for lack of subject matter jurisdiction, the Rule 12(b)(6) defenses become moot and need not be addressed. *Id.* at 995.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. Rather, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

**B.**    ***Plaintiff has Failed to Establish Jurisdiction***

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Wahi*, 850 F.3d 296, 299 (7th Cir. 2017). Jurisdiction can be established where the action arises "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, also known as federal-question jurisdiction, or where diversity of citizenship exists under 28 U.S.C. § 1332(a). Because neither exists here, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal-question first. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Court agrees with Defendant that, liberally construed, Plaintiff's complaint states only state-law claims for unjust enrichment or a claim on account. Plaintiff doesn't argue otherwise, instead asserting only that his complaint "demonstrated that he is owed funds from the Defendant." (ECF No. 12 at 3). That may be true, but that's not a claim over which this Court has jurisdiction.

Plaintiff also appeals to "equity," but that's similarly a non-starter. "Article III does not confer on litigants an absolute right to the plenary consideration of every nature of claim by an

Article III court." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986). Rather, Article III, Section 2 provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . .." In other words, while the Constitution empowers federal courts to hear suits in equity, this power is limited to "cases and controversies . . . arising under federal law or within the diversity jurisdiction." *Gubala v. Time Warner Cable, Inc*., 846 F.3d 909, 911 (7th Cir. 2017).

Nor is there diversity jurisdiction here. To establish diversity under Section 1332(a), a plaintiff must establish that each defendant is a citizen of a state different from the plaintiff's state and the amount at stake must exceed $75,000. Plaintiff's complaint lists Indiana addresses for both himself and Defendant. (*See* ECF No. 1 at 3; No. 1-1 at 4, 6; No. 1-3 at 2; No. 1-4 at 2; No. 1-5 at 3). While, as Defendant notes, an address is not necessarily the same as "citizenship" under Section 1332(a), *see Darkuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002), Plaintiff does not argue that diversity exists. The Court finds, then, that he has failed to carry his burden of showing diversity.

Plaintiff may be owed money, but he can only vindicate his right to that money in a court with jurisdiction. This is not that court. Defendant's Rule 12(b)(1) arguments are well-taken, and this case will be dismissed.

## III.    Conclusion

For these reasons, Defendant's motion to dismiss (ECF No. 13) is GRANTED. This case is DISMISSED for lack of jurisdiction.

SO ORDERED on December 10, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT JUDGE